UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE MAXWELL,                )<br>                                               )<br>          Petitioner,               )<br>                                               )<br>     v.                                       )<br>                                               )<br>MICHAEL CORCINI,             )<br>                                               )<br>          Respondent.             )<br>                                               ) | Civil Action No.<br>11-10275-FDS |

MEMORANDUM AND ORDER
ON PETITION FOR HABEAS CORPUS

**SAYLOR, J.**

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner George Maxwell is an inmate at the Massachusetts Treatment Center in Bridgewater, Massachusetts.

**I.     Background**

On December 5, 2003, George Maxwell was indicted on the following counts: (1) aggravated rape by vaginal penetration; (2) aggravated rape by oral penetration; (3) unarmed robbery; and (4) indecent assault and battery on a person aged fourteen or over.  On August 22, 2006, a jury found Maxwell guilty of the lesser-included offense of rape, and not guilty on the remaining counts.[1]  Petitioner was sentenced to a term of incarceration of between eight and ten years.

On May 3, 2010, the Massachusetts Appeals Court affirmed the conviction.  On

---

[1] At the commencement of trial on August 18, 2006, the Commonwealth filed a *nolle prosequi* as to the indecent assault and battery count.  The other three counts were tried to the jury.

September 16, 2010, the Supreme Judicial Court denied Maxwell's application for leave to obtain further appellate review ("ALOFAR").

Maxwell commenced this action on February 10, 2011, by filing a habeas corpus petition under 28 U.S.C. § 2241, which he amended and converted to a petition under 28 U.S.C. § 2254 on April 8.

In his amended petition, Maxwell asserts that his state conviction was obtained in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments, because the prosecution deprived him of a fair trial resulting in a miscarriage of justice by: (1) "conveying to jurors her person[a]l opinion of the cred[i]bility of witness and strength of the evidence" in closing argument; (2) arguing in closing "that compl[ainant] had no reason to lie;" and (3) using "rhetorical question[s] whi[ch] had the effect of improperly shifting the burd[e]n of proof onto [P]etition[e]r." (Pet. for Hab. Corp.). Maxwell further asserted in a later filing that the prosecutor also improperly "appealed to jurors' sympathy." (Pet. Resp. to Sched. Ord. at 2). To date, Maxwell has not filed a memorandum of law in support of his petition.[2]

## II. Analysis

### A. Standard of Review

Before the Court can evaluate the likelihood of success on the merits of a constitutional claim, it must evaluate whether the claim was fairly presented to and exhausted in the state courts. 28 U.S.C. § 2254(b)(1)(A). "This exhaustion requirement, which codified preexisting law, is born of the principle 'that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.'"

---

[2] Maxwell has filed two responses that include some very brief legal argument concerning the merits of his claim.

*Coningford v. Rhode Island*, 640 F.3d 478, 482 (1st Cir. 2011), *quoting Rose v. Lundy*, 455 U.S. 509 (1982). The petitioner bears a "heavy burden" to show that he "fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim." *Coningford*, 640 F.3d at 482, *quoting Adelson v. DiPaola*, 131 F.3d 259 (1st Cir. 1997).

In addition, "federal habeas review is precluded, as a general proposition, when a state court has reached its decision on the basis of an adequate and independent state-law ground." *Burks v. DuBois*, 55 F.3d 712, 716 (1st Cir. 1995), *citing Coleman v. Thompson*, 501 U.S. 722, 750 (1991). *See also Lambrix v. Singletary*, 520 U.S. 518 (1997). This rule extends to situations in which "a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman*, 501 U.S. at 729-30. A state procedural rule is "adequate" if it is regularly or consistently applied by the state courts. *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988), *citing Hathorn v. Lovorn*, 457 U.S. 255, 262-263 (1982). The rule is "independent" if it does not depend on a federal constitutional ruling. *Id., citing Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). The Court in *Coleman* affirmed that the doctrine may apply even where the state procedural default is offered as an "alternative" basis for a decision. *Coleman*, 501 U.S. at 733.

B. **Exhaustion**

As outlined above, it is well-established that in order for a federal court to review a claim for relief under § 2254, a petitioner must establish that both the factual and legal bases of his federal claim were "fairly and recognizably presented to the state courts." *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997), *citing Picard v. Connor*, 404 U.S. 270, 276-77 (1971). The test to determine whether such bases were adequately presented "is substantive: was the claim

presented in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question?" *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994). In petitions arising from Massachusetts state court decisions, a petitioner must raise an appealed issue to the Supreme Judicial Court within "the four corners of the ALOFAR" in order for the issue to be "fairly presented" for exhaustion purposes. *Mele v. Fitchburg*, 850 F.2d 817, 820 (1st Cir. 1988).

The respondent contends that petitioner's claim that the prosecutor improperly "appealed to jurors' sympathy" was not fairly presented in the ALOFAR and therefore unexhausted. It is undisputed that the Appeals Court referred to petitioner's claim concerning the alleged appeal to jurors' sympathy. It is also undisputed that there was no mention of the issue in the ALOFAR. As noted, each claim must be fairly presented to the state's highest court in order to meet the exhaustion requirement. While it is true that the First Circuit has in the past approved of a court's examining "backdrop" materials filed in lower courts in order to resolve exhaustion issues in certain circumstances, such a review is never appropriate where a claim was abandoned—that is, where it was omitted entirely from, as opposed to raised in, an ALOFAR. *See Clements v. Maloney*, 485 F.3d 158, 163-675 (1st Cir. 2007).[3] Because petitioner omitted the claim concerning the alleged appeal to sympathy from his ALOFAR (as well as his original petition to this Court), the Court finds that claim to be unexhausted. Accordingly, the claim of prosecutorial misconduct based on the alleged appeal to jurors' sympathy will be dismissed.

    **C.**    **Adequate and Independent State Law Grounds**

---

[3] The continued force of the First Circuit's precedent concerning the examination of "backdrop" materials for exhaustion purposes remains unsettled in the wake of the Supreme Court's holding in *Baldwin v. Reese*, 541 U.S. 27, 30-32 (2004). For present purposes, the issue need not be definitively decided, as it would not apply under these circumstances regardless.

The remaining three claims that were presented to the state court were dismissed by the Appeals Court, and denied review by the SJC, on adequate and independent state grounds. It is well-established that federal habeas review is not available when "a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman*, 501 U.S. at 729-30. Massachusetts has "a long standing rule that issues not raised at trial . . . are treated as waived . . . ." *Commonwealth v. Curtis*, 417 Mass. 691, 626 (1994). A state court decision based on a petitioner's failure to comply with a contemporaneous objection rule constitutes an adequate and independent state ground. *See, e.g., Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977).

Here, it is undisputed that petitioner's counsel did not object contemporaneously to the prosecutor's closing argument. The Massachusetts Appeals Court recognized this default, and accordingly reviewed the claim concerning the instruction under the "substantial risk of a miscarriage of justice" standard. However, this limited review does not operate as a waiver of the underlying procedural default, but rather constitutes the "classic example of an independent and adequate state ground" supporting application of the procedural default rule. *Burks*, 55 F.3d at 716, n. 2; *Simpson v. Matesanz*, 175 F.3d 200, 207 (1st Cir. 1999). On this review, the Appeals Court ultimately found no error, much less a substantial risk of a miscarriage of justice. The SJC affirmed and agreed with the lower court's reasoning.

In order to avoid this procedural bar, petitioner is required to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or else demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice." *Glacken v. Dickhaut*, 585 F.3d 547, 551 (1st Cir. 2009). Petitioner does not address this hurdle

in any of the filings on the record in support of this petition. Accordingly, habeas corpus relief on the basis of prosecutorial misconduct as to any statements made during closing arguments will be denied as procedurally defaulted.

### III.     Conclusion

Because all of petitioner's claims are either unexhausted or procedurally defaulted, his petition for relief under 28 U.S.C. § 2254 is denied.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 19, 2012